STATE EX REL. DANIEL W. FITZGERALD v. MISSOURI COMMISSION FOR THE BLIND, Plaintiff in Error.—48 S. W. (2d) 872.

Division One, April 2, 1932.

*Raymond J. Lahey* and *A. T. Welborn* for plaintiff in error.

*Henry M. Phillips* and *J. W. Farris* for defendant in error.

GANTT, P. J—Action in mandamus. Defendant in error seeks to compel the Missouri Commission for the Blind to certify the name of Daniel W. Fitzgerald to the State Auditor for enrollment on the "blind pension roll," and to compel the Auditor to proceed in due course to pay the pension alleged to be due and which in the future may be due Fitzgerald under a judgment of the Circuit Court of Stoddard County. On a trial said court found that Fitzgerald was entitled to a pension under the statute providing for "pensions to

deserving blind.'' Judgment was rendered accordingly on October 2, 1924, copies of which were forwarded to the State Auditor and Commission for the Blind. Thereupon the State Auditor enrolled Fitzgerald on the ''blind pension roll'' and he received a pension until July 1, 1926. At that time the Commission for the Blind certified to the State Auditor that Fitzgerald was ''no longer qualified to receive a pension,'' and his name was stricken from the ''blind pension roll.'' Of course, payment of the pension was discontinued. We assume the Commission acted on reasonable notice to Fitzgerald for the proceeding is not questioned for failure of notice.

Thereafter and on April 18, 1928, Fitzgerald petitioned the Circuit Court of Stoddard County for an alternative writ of mandamus to compel payment of the pension. The writ was granted and the Commission served with a copy. The Commission ignored the writ, and judgment was entered, awarding a peremptory writ of mandamus. The case is here for review on writ of error.

Plaintiff in error contends that the alternative writ does not state facts sufficient to constitute a cause of action.

The judgment of the Circuit Court of Stoddard County awarding the pension is set forth in the alternative writ. The writ then alleges grounds for the peremptory writ as follows:

''The petitioner further respectfully represents that on or about the 1st day of July, 1926, the Missouri Commission for the blind contrary to and in violation of the said judgment of the said court certified to the State Auditor of Missouri, L. D. Thompson, that the said Daniel W. Fitzgerald was no longer entitled to receive the said pension and that his name should be stricken from the blind pension roll; that the said State Auditor thereupon contrary to and in violation of said judgment of said court did strike the name of the said Daniel W. Fitzgerald from the blind pension roll and refused to supply the said Daniel W. Fitzgerald the proper blank form requisition for his pension, and contrary to and in violation of the said judgment of the said court refused to draw warrants on the State Treasurer in favor of the said Daniel W. Fitzgerald for the pension lawfully due him under the laws of Missouri and under said judgment, and has since said date refused to furnish said requisition forms, place the said Daniel W. Fitzgerald upon the pension roll, and draw warrants in his favor on the State Treasurer for the pensions which have accrued to him since said date, altho on said date and at all times thereafter there was sufficient funds in the state treasury available for the payment of said pension when said pensions became due. And that the aforesaid facts are to the injury of the said Daniel W. Fitzgerald.''

It will be noted that defendant in error grounds his right to relief on the judgment of the circuit court. He does not claim that the

judgment is final on the question of his qualifications for a pension, but contends that if the Commission had knowledge that he was no longer qualified to receive a pension, it should have moved in the circuit court to modify the judgment, alleging disqualification and proving facts which established disqualification.

The Commission does not agree to this contention. It contends that the procedure is fixed by Section 8896, Revised Statutes 1929, which in part follows:

". . . And whenever it shall become known to the commission that any person whose name is on the blind pension roll is no longer qualified to receive a pension, after reasonable notice mailed to such person at his or her last known residence address, such fact shall be certified to the state auditor and the name of such person shall be striken from the blind pension roll; . . ."

Defendant in error argues that this provision applies only to enrollments of pensioners on a finding and certificate of the Commission. It is not so written in the statute. Moreover, a judgment of qualification by the circuit court on appeal is of no more force and effect than a finding and certificate of qualification by the Commission. The judgment of either that petitioner is qualified authorizes an enrollment and payment of the pension.

It follows that the mere allegation in the alternative writ that the Commission, in violation of the judgment of the circuit court, caused the name of defendant in error to be stricken from the "blind pension roll" did not state a cause of action.

The judgment is reversed and the cause remanded with directions to quash both the peremptory and alternative writs. All concur.